USCA1 Opinion

 

 January 4, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2015 DENNIS G. BEZANSON, TRUSTEE OF ESTATE OF UNITEX, INC., Plaintiff, Appellee, v. FLEET BANK OF NEW HAMPSHIRE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Boudin, Circuit Judges. ______________ ____________________ Francis L. Cramer, Valerie A. Walsh, Sullivan & Gregg, on brief __________________ ________________ _________________ for appellant. Graydon G. Stevens, Kelly, Remmel & Zimmerman, on brief for ___________________ ___________________________ appellee. ____________________ January 4, 1995 ____________________ Per Curiam. In March 1993, a jury returned a verdict in __________ favor of appellee Dennis Bezanson, trustee of the estate of Unitex, Inc., in his suit against Fleet Bank-NH, successor of Indian Head National Bank. Bezanson alleged that Indian Head had violated its duty under New Hampshire law by failing to dispose of the assets of Unitex in a commercially reasonable manner. The jury awarded the trustee $379,779.21 in damages. Upon Fleet's post-trial motion for judgment as a matter of law, the district court held that, although sufficient evidence supported the finding of liability, Fleet was entitled to judgment as a matter of law because the trustee had not proven damages with "reasonable certainty." On appeal, this court held that the evidence was adequate to support the jury verdict both as to the issue of liability and that of damages. It therefore reversed the judgment and remanded the matter to the district court for further proceedings. Bezanson v. Fleet Bank-NH, 29 F.3d 16 (1st Cir. ________ _____________ 1994). Fleet then moved in the district court for a new trial on the ground that there was insufficient evidence to support the verdict. The motion was denied and Fleet now appeals. Fleet is correct that this court's decision that it was not entitled to judgment as a matter of law does not preclude Fleet's prevailing on its motion for a new trial in the district court. A "district court may order a new trial even ___ where the verdict is supported by substantial evidence." Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994) (emphasis in ____ ______ original). On the other hand, "there is no rule that the district court must do so." Id. (emphasis in original). ____ __ Rather, the decision rests in the discretion of the trial court and this court will reverse a denial of a motion for a new trial "only in a very unusual case," id. (citations __ omitted), where the "verdict is so clearly mistaken, so clearly against the law or the evidence, as to constitute a miscarriage of justice," Levesque v. Anchor Motor Freight, ________ ______________________ Inc., 832 F.2d 702, 703 (1st Cir. 1987). Furthermore, when ___ the motion for a new trial rests on the claim that the evidence was insufficient to support the verdict, a denial of a motion for a new trial is reviewed by a standard "essentially coterminous" with that used in reviewing a judgment as a matter of law. Lama, 16 F.3d at 477; Levesque, ____ ________ 832 F.2d at 703 (in reviewing denial of a new trial, appellate court considers "relevant testimony in the light most flattering to the appellees and draw[s] all legitimate inferences in their favor"); Robinson v. Watts Detective ________ ________________ Agency, Inc., 685 F.2d 729, 741 (1st Cir. 1982) (motion for a ___________ new trial based on insufficiency of evidence "is subject to a standard of review as strict as that for a [judgment as a matter of law]"), cert. denied., 459 U.S. 1105 (1983). ____ ______ -3- We have reviewed the record in this case, the judgment of the district court and the parties briefs. Essentially for the reasons stated in our earlier opinion in which we held that Fleet was not entitled to a judgment as a matter of law, Bezanson v. Fleet Bank-NH, 29 F.3d 16, we find that the ________ _____________ jury verdict was not a "miscarriage of justice." Therefore, the judgment of the district court is summarily affirmed. ________ See 1st Cir. Loc. R. 27.1. Appellee's request for sanctions ___ is denied. ______ -4-